AO 106 (Rev. 06/09) Application for a Search Warrant

**FILED**

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

SEP 2 1 2018

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>ELECTRONIC DEVICES SIEZED FROM AARON<br>CULKINS, SPECIFICALLY FOUR CELL PHONES<br>AND ONE iPAD IDENTIFIED IN ATTACHMENT "A" | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 18-mj-117-PJC |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A":

located in the  Northern  District of  Oklahoma , there is now concealed *(identify the person or describe the property to be seized)*:

See Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute Controlled Substances |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

The application is based on these facts:

**See Affidavit of Brian L. Comfort, attached hereto.**

☒ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Brian L. Comfort, TFO DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/21/2018

*Judge's signature*

City and state:  Tulsa, OK       Tulsa, Oklahoma       Paul J. Cleary, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ELECTRONIC DEVICES SIEZED FROM AARON CULKINS, SPECIFICALLY FOUR CELL PHONES AND ONE iPAD IDENTIFIED IN ATTACHMENT "A" | Case No. |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

1. Affiant, Brian L. Comfort, Task Force Officer, U.S. Department of Justice, Drug Enforcement Administration, Police Officer, Tulsa Police Department being duly sworn under oath, states as follows:

2. I, Brian L. Comfort, am an investigative or law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code.

3. I am currently employed as a Police Officer with the Tulsa Police Department, and have been so employed since September of 1986. I am also a Task Force Officer with the Drug Enforcement Administration (DEA), and have been a Task Force Officer since February of 2009. I am currently assigned to the Tulsa Resident Office in the Dallas Field Division and have been assigned there since February of 2009. During my employment with Tulsa Police Department, I have been assigned to the Special Investigations Division, as a narcotics investigator, since September of 1999. Since becoming a Task Force Officer with DEA, I have conducted investigations of unlawful drug distribution in violation of Title 21, United States Code, Sections 841, 843, 846, and have participated in wire and physical surveillance,

surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, debriefings of informants and reviews of taped conversations and drug records. Through my training, education and experience, I have become familiar with the manner in which illegal drugs are transported, stored, and distributed and the methods of payment for such drugs. I have received over 2,000 hours in training from various federal, state, and local law enforcement agencies. Within those hours, I have received specialized training and experience in the investigation of narcotics-related offenses including the manufacture, possession, transportation, and distribution of controlled substances. I have received formal training by the Oklahoma Council on Law Enforcement Education and Training, the Tulsa Police Academy, the U.S. Drug Enforcement Administration, The Oklahoma Gang Investigator's Association, and the Association of Oklahoma Narcotics Enforcers. Your Affiant has attended a Narcotics Interdiction School sponsored by the El Paso (TX) Police Department, the Basic Narcotics Investigator's School sponsored by the Drug Enforcement Administration, the Clandestine Drug Laboratory School sponsored by the Drug Enforcement Administration, the Internet Telecommunications Exploitation Program sponsored by the Drug Enforcement Administration, and the Basic Telecommunications Exploitation Program sponsored by the Drug Enforcement Administration. I have been trained in Drug Identification & Handling, including the identification of Cocaine, Cocaine Base, Methamphetamine, Marijuana, MDMA and other controlled dangerous substances. I am certified and have previously, on numerous occasions, conducted field tests of controlled dangerous substances, including Cocaine, Cocaine Base, Methamphetamine, Marijuana, and MDMA.

4.      I have participated in over 500 drug related criminal investigations. I have authored search warrants, and have participated in Title III investigations, and executed

controlled deliveries of narcotics. Your Affiant states that as a result of his law enforcement career he has gained a considerable amount of knowledge through his training and experience. Your Affiant states that he has interviewed hundreds of defendants involved in the use, manufacture, transportation, and illegal sale of controlled dangerous substances. Your Affiant also states that during the course of these interviews he has inquired and learned how individuals involved in drug distribution schemes and networks use and disperse the illegal proceeds generated due to the illegal sale of controlled dangerous substances, including but not limited to methamphetamine. Your Affiant states that during the course of his training and interviews with various defendants he has learned how individuals involved in drug distribution schemes maintain records, and conspire to deceive law enforcement as well as rival distributors of controlled dangerous substances. Your Affiant further states that he has learned how individuals that are involved in these types of crimes involving the distribution of controlled dangerous substances maintain records and secret monies gained as a result of participation in illegal drug distribution networks. Your Affiant states that the information contained in this affidavit is known personally by your Affiant or was learned by your Affiant from other Officers or Agents, reviewing reports and documents. Further your Affiant bases his belief that financial and documentary evidence will be recovered on the information contained within this affidavit.

## BACKGROUND OF INVESTIGATION

5.     In June of 2018 your affiant met with a DEA Confidential Source (hereafter referred to as CS). This CS related information to your affiant in reference to Aaron Culkins. The CS stated that Culkins sold pound quantities of methamphetamine, and ounce quantities of heroin. Culkins sold the narcotics from his flea market business, located at 14 S. 91st East

Avenue, Tulsa OK. Culkins also changed his phone number frequently. The CS would call Culkins to set up drug transactions.

6. In July of 2018, surveillance was conducted at the flea market on more than one occasions, by your affiant and other investigators. A buy/walk was also conducted utilizing the DEA CS. Based on all of the information the CS gave your affiant, surveillance, and the buy/walk, a State of Oklahoma Search Warrant was applied for and granted on August 21, 2018.

7. On August 22, 2018 surveillance was conducted at 14 S. 91st East Avenue, Tulsa OK. Investigators observed a large amount of short-term traffic, which they believed to be drug traffic. When Aaron Culkins left the business in his vehicle, a traffic stop was conducted, by Trooper Aaron Lockney, at 6400 E. I-244 (WB). During the traffic stop, the search warrant was executed at Culkins business, located at 14 S. 91st East Avenue. While the traffic stop was in progress, scales and a methamphetamine pipe were found in the business. Culkins was taken into custody for the drug paraphernalia. While Culkins was being transported back to his business, heroin was found in the business. Culkins was read his Miranda Rights once he was back at the business. Culkins agreed to make a statement. Culkins stated that he sells methamphetamine and heroin. He has 6-8 customers he sells heroin to. His source of supply is Kenny Soberanis, who is currently in Mexico. Your affiant knows that Soberanis currently has an outstanding federal drug trafficking arrest warrant. Culkins would call Soberanis, utilizing a cell phone when he needed more methamphetamine or heroin. Soberanis would then send someone to deliver the narcotics to Culkins. While at booking told your affiant that he changed his phone number frequently, so law enforcement would not detect his activities. Culkins has cooperated with law enforcement in the past, and is well aware of how law enforcement uses phone information to further investigations.

8.	Trooper Lockney towed the vehicle Culkins was driving. Trooper Lockney recovered a blue Cricket cell phone, a white Apple iPad, and a silver LG cell phone on the front passenger seat of the truck Culkins was driving. Trooper Lockney recovered a white "BLU" brand cell phone between the front driver seat and the center console. Trooper Lockney also recovered a green LG cell phone on Culkins' person. TFO's Jarrod Lamborn and Brian Comfort retained custody of the phones. TFO Brian Comfort and Jarrod Lamborn processed the phones into evidence at the DEA Tulsa Resident Office.

9.	The Affiant anticipates these items (Attachment A) will assist in the furtherance of their investigation into the aforementioned Drug Trafficking Organization involving Aaron Culkins and others not yet identified. The Affiant anticipates utilizing the information obtained from the cellular telephones and iPad to identify other co-conspirators known and unknown and to corroborate investigative information obtained throughout this investigation.

10.	The Affiant knows that it is very common for drug traffickers to purchase and use multiple cellular telephones, as they frequently use different phones to contact different parts of their Drug Trafficking Organization (DTO). For instance, a drug distributor may use one phone to contact their source of supply and another one to contact their distributors. The Affiant knows that these "throw away phones" are cheap prepaid cellular telephones that can be purchased at many retail outlets that allow the purchaser/user to avoid providing accurate personal information, in order to obtain and use the cellular telephone while being hard to identify the true owner and hard to trace to the true user/owner, in an attempt to avoid detection by law enforcement. Even if these phones are not "throw away phones", multiple phones are often purchased, using false user names. Drug distributors can also use other co-conspirators names to purchase the phones for them. Drug distributors can then use multiple phones, frequently

changing the phone number to avoid detection by law enforcement, to maintain their drug business.

11. The Affiant knows that cellular telephones are often equipped with digital cameras and those phones possess the capability to transmit and/or store electronic images. The Affiant knows that in many cases, drug traffickers may maintain photographs of illegal drugs, large quantities of U.S. Currency, or other people involved in their narcotics trafficking business. These photos are sometimes stored on their cellular phones, and often are transmitted or sent from one electronic media device to another. The Affiant also knows that cellular phones may also contain notes regarding drug trafficking or money laundering that are recorded by the subject who possesses the phones. Furthermore, the affiant knows that text messages, emails are often used by two or more persons to communicate information regarding narcotics trafficking, and other illegal activities, between phones.

12. iPads can be used in many ways of the same ways as cell phones that were enumerated above. iPads have the capability to text, place phone calls, use e-mail, store photos and other data, and have data plans, much like cell phones.

13. The target telephones and iPad are alleged to have been used to facilitate the distribution of methamphetamine and launder cash proceeds gained from the sale of methamphetamine; conceal cash proceeds gained from the sale of methamphetamine and aid in the money laundering of drug proceeds by Aaron Culkins, and others not yet identified.

14. Based on the foregoing, the affiant has probable cause to believe that contained within the long term memory of the telephones described in Attachment "A" contain data regarding the drug trafficking and possible money laundering activities of Aaron Culkins, and others not yet identified. Specifically, the affiant has probable cause to believe the names and

phone numbers of drug suppliers and customers, electronic notes pertaining to prices and amounts of drugs sold, addresses of individuals involved in the distribution network, addresses of stash house, addresses of locations where narcotics were picked up, and photographs of the narcotics will be found on the telephones and GPS units. These items are more fully set forth in Attachment "A".

Brian L. Comfort
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me this 21st day of September, 2018.

Sworn to before me on the
____th day of September, 2018

HONORABLE PAUL J. CLEARY
United States Magistrate Judge

## ATTACHMENT A

1. Green LG cell phone
   Serial Number: 609KPQJ332532
   IMEI Number: 353074-07-322532-6

2. Silver LG cell phone
   Serial Number: 705VTWP803793
   IMEI Number: 358772-08-803793-4

3. White "BLU" cell phone
   Serial Number: 1120070017505117
   IMEI Number: 351501092410663

4. Blue Cricket cell phone
   Serial Number: 18A00US009E84171604
   IMEI Number: 353744090442860

5. White Apple iPad
   No external serial numbers.